[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: COLLATERAL SOURCES
The plaintiffs Francis Beaupre (Francis) and Florence Beaupre (Florence) received $7,000 and $6,200 respectively as economic damages awards from a jury verdict of November 13, 1997. There was no finding of comparative negligence in this action.
Defendant moves for reduction of the award to Florence because she was paid $3,267.20 pursuant to her employer's "sick pay plan". The court has received evidence concerning the judgment and the amount of the collateral source payments. There is no evidence that any right of subrogation exists.
LAW
The question is must the payments received from her employer under the "sick pay plan" reduce the economic damages in the verdict under C.G.S. § 52-225a.
This court is required to reduce the verdict for economic damages, as defined in C.G.S. § 52-572h, "by an amount equal the total amounts determined to have been paid under subsection (b) of this section".
That subsection (b) provides, in pertinent part, "the court shall receive evidence . . . concerning the total amount of collateral sources (sic)[1] which have been paid for the benefit of the claimant." C.G.S. § 52-225a(b). The statute never discloses what a collateral source is but because the payments from such a source are deducted only from economic damages we look at the definition of what economic damages are and find that, for the purposes of C.G.S. § 52-572h, the expression "means compensation . . . for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care, and loss of earnings or earning capacity".
That seems to narrow our question to whether or not the CT Page 12926 payments received under the "sick pay plan" meet the definition of economic damages.
In her pre-trial memorandum demand, of which the court takes judicial notice, she included lost wages of $3,267 which is just twenty cents different from the sick pay plan payment.
The court finds that those payments were received as reimbursement for lost wages and thus are collateral source payments for "loss of earning" under the definition of C.G.S. § 52-572 (a)(1).
O'NEILL, J.